**LISA SCOLARI**
Attorney at Law
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
Lscolarilaw@earthlink.net

TEL. (212) 227-8899                                        FAX (212) 964-2926

May 18, 2020

Hon. Richard M. Berman
United States District Court
500 Pearl Street
New York, N.Y. 10007
*via ecf*

Re: United States v. Abrahim Kamara.,
19 Cr. 209 (RMB)

Your Honor,

     I write to request that the Court schedule a telephonic sentencing of Abrahim Kamara as soon as is practicable. Mr. Kamara's sentencing is currently scheduled for July 22, 20020. However, the Court sentenced Mr. Kamara's co-defendant Terrance Morgan to time served and government has indicated that Mr. Kamara was less involved in the bank fraud that Mr. Morgan.

     Mr. Kamara has executed the attached Waiver of Right to be Present and consents to sentence by teleconference. (Exhibit A) He is being held in Westchester County Jail under ID #257689. Robert Sobelman, Esq. consents to this request. He and I are both available on Wednesday, May 20, 2020 11:30-1:00 on Thursday, May 21 from 12:30-1:30 or, Friday, May 22, 2020, and during the week of May 25, 2020.

     Mr. Kamara is also requesting that the Court sign an Order of Judicial Removal which will assist ICE in returning him to Liberia as soon as possible. The relevant documents, including Mr. Kamara's signed Defendant's Plea is Support of Removal are also attached. (Exhibit B)

                                                    Respectfully,

                                                    *Lisa Scolari*
                                                    Lisa Scolari

---

Sentence is rescheduled to June 2, 2020 at 11:00 am.

Any additional sentencing submissions are due May 22, 2020.

SO ORDERED:
Date: 5/18/2020      *Richard M. Berman*
                          Richard M. Berman, U.S.D.J.

April 8, 2020 P.M.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

-v-

ABRAHIM KAMARA

                        Defendant.
-----------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT
AT CRIMINAL PROCEEDING**

19 -CR- 209 ( )

**Check Proceeding that Applies**

_____ Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law. I have consulted with my attorney about those charges. I have decided that I wish to enter a plea of guilty to certain charges. I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I have discussed these issues with my attorney. By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty. By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _Kamara Abrahim 5/11/20_
          Print Name

_____
Signature of Defendant

__x__ Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I do not wish to wait until the end of this emergency to be sentenced. I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence. By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my

attorney next to me at the time of sentencing on the following conditions. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:  May    , 2020

ABRAHIM KAMARA
Print Name                                          Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date:  May 6, 2020

LISA SCOLARI
Print Name                                          Signature of Defense Counsel

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant. The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it. The interpreter's name is: _____.

Date:  _____
Signature of Defense Counsel

**Accepted:**  _____
Signature of Judge
Date:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO <u>REQUEST JUDICIAL REMOVAL</u> |
| - against – | Criminal Docket No. 19 Cr. 209 (RMB) |
| ABRAHIM KAMARA, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO ABRAHIM KAMARA ("the defendant") and to his attorney of record herein, Lisa Scolari, Esq., that upon conviction of the defendant for Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, as it relates to 18 U.S.C. § 1344, United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   New York, New York
         April 22, 2020

                                              Geoffrey Berman
                                              United States Attorney
                                              Southern District of New York

By:   *Robert B. Sobelman*
          Robert B. Sobelman
          Dina McLeod
          Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS <br> IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| ABRAHIM KAMARA, | Criminal Docket No. 19 Cr. 209 (RMB) |
| Defendant. | |

– – – – – – – – – – – – – – – – – – X

NOTICE IS HEREBY GIVEN TO ABRAHIM KAMARA ("the defendant") and to his attorney of record herein, Lisa Scolari, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Liberia.

3. The defendant was admitted to the United States on or about January 25, 2014 at or near JFK International Airport, New York, NY as a non-immigrant visitor for pleasure with authorization to remain in the United States until July 24, 2014.

4. The defendant remained in the United States beyond July 24, 2014 without authorization from the United States Department of Homeland Security.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the offense of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, as it relates to 18 U.S.C. § 1344.

6. The above-mentioned offense carries a maximum term of imprisonment of 30 years.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act, as amended ("INA" or the "Act"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed; and section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(M), (U) of the INA, 8 U.S.C. § 1101(a)(43)(M), (U), at any time after admission.

WHEREFORE, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Liberia.

Dated: New York, New York
April 22, 2020

Geoffrey Berman
United States Attorney
Southern District of New York

By: *Robert B. Sobelman*
Robert B. Sobelman
Dina McLeod
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| ABRAHIM KARAMA, | Criminal Docket No. 19 Cr. 209 (RMB) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

ABRAHIM KAMARA, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is ABRAHIM KAMARA.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, April 22, 2020. I am the person identified in that document. I hereby waive my right, pursuant to section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA" or the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated March 27, 2020. I hereby waive my right, pursuant to section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Lisa Scolari, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and

voluntarily waive the right to the notice and hearing provided for in section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States under section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under section 101(a)(15) of the Act, I remained in the United States for a time longer than permitted; section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed; and section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(M), (U) of the INA, 8 U.S.C. § 1101(a)(43)(M), (U), at any time after admission.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as

amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Liberia, and have no present fear of persecution in Liberia, the country of my citizenship. I further acknowledge that I have not been tortured in Liberia and have no present fear of torture in Liberia, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Liberia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

5/11/2020
Date

_____
Defendant's Signature

5/6/2020
Date

_____
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF<br>UNITED STATES IMMIGRATION |
| - against – | AND CUSTOMS ENFORCEMENT |
| ABRAHIM KAMARA, | |
| | Criminal Docket No. 19 Cr. 209 (RMB) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:    New York, New York

     April 21        , 2020

PETER C FITZHUGH
Digitally signed by PETER C FITZHUGH
Date: 2020.04.21 21:08:51 -04'00'

PETER C. FITZHUGH
Special Agent in Charge
United States Immigration and
Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against –

ABRAHIM KAMARA,

         Defendant.

- - - - - - - - - - - - - - - - - -X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 19 Cr. 209 (RMB)

Upon the application of the United States of America, by Robert Sobelman and Dina McLeod, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ABRAHIM KAMARA (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Liberia.

3. The defendant was admitted to the United States on or about January 25, 2014 at or near JFK International Airport, New York, NY as a non-immigrant visitor for pleasure with authorization to remain in the United States until July 24, 2014.

4. The defendant remained in the United States beyond July 24, 2014 without authorization from the United States Department of Homeland Security.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the offense of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, as it relates to 18 U.S.C. § 1344.

6. The above-mentioned offense carries a maximum term of imprisonment of 30 years.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act, as amended ("INA" or the "Act"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed; and section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(M), (U) of the INA, 8 U.S.C. § 1101(a)(43)(M), (U), at any time after admission.

8. The defendant has waived his right to notice and a hearing under section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated Liberia as the country for removal pursuant to section 240(d) of the INA, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Liberia.

Dated: New York, New York
_____ 2020

_____
HON. RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE